UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI L. BARRON,

       Plaintiff,                                        Civil Case No.
                                                 11-CV-12620

vs.

                                                HON. MARK A. GOLDSMITH

UNIVERSITY OF MICHIGAN, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS and GRANTING DEFENDANT'S SECOND MOTION TO COMPEL

Plaintiff Sheri L. Barron, a registered nurse, alleges that she was discriminated against by Defendant University of Michigan, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., on the basis of her perceived disability and her age. There are presently two outstanding defense motions in this case – a motion to dismiss based on Federal Rule of Civil Procedure 37 and a motion to compel discovery – along with an outstanding show cause order directed at Plaintiff. These matters were the subject of a hearing held by the Court on May 23, 2013. For the reasons that follow, the Court will deny Defendant's motion to dismiss without prejudice and grant its motion to compel discovery.

On October 1, 2012, the Court granted a motion allowing Plaintiff's original attorney, Robert Palmer, to withdraw from the case. The order stated that Calvin Luker would be Plaintiff's new counsel. See Dkt. 28. Mr. Luker is presently Plaintiff's attorney.

On February 7, 2013, Defendant filed a motion to compel discovery. See Dkt. 29. In that motion, Defendant stated that Plaintiff had altogether failed to respond to certain discovery requests, despite the fact that Plaintiff's counsel had previously indicated to Defendant's counsel that

1

responses would be forthcoming. The two unanswered discovery requests were Defendant's first set of interrogatories, and Defendant's first set of document requests. In the motion to compel, Defendant sought an order from the Court compelling Plaintiff to respond to these discovery requests.

Just a few days after the motion was filed, the parties resolved it on their own. Specifically, on February 12, 2013, the Court entered a stipulated order submitted by the parties: (i) requiring Plaintiff to respond to the two above discovery requests by February 15, 2013, and (ii) deeming withdrawn the then-pending motion to compel discovery. See Dkt. 31. The order states that the discovery responses shall be "full, complete, and signed."

A month later, on March 12, 2013, Defendant filed a motion to dismiss, arguing that Plaintiff failed to comply the stipulated discovery order discussed in the preceding paragraph. See Dkt. 33. This is one of the two defense motions that is presently before the Court. Specifically, Defendant argues that the case should be dismissed under Federal Rule of Civil Procedure 37 because Plaintiff entirely failed to respond to the production requests and submitted incomplete, unsigned, and late responses to the interrogatories.[1] Defendant seeks dismissal of Plaintiff's entire case or, alternatively, dismissal of any of Plaintiff's claims seeking damages for mental anguish/non-

---

[1] The responses were late because, under the Court's February 12 order, they were due by February 15, 2013 but not submitted until February 25, 2013. The responses were also unsigned by Plaintiff. Finally, Defendant argues that the responses were not "full" or "complete," as required by the Court's February 12 order, for the following reasons. First, "[i]n response to interrogatory 2, requesting information regarding experts, plaintiff stated that, other than medical providers, she 'has not identified its [sic] intended or prospective experts at this point.'" Second, "[i]n response to interrogatory 8, requesting information about stores at which plaintiff has ever obtained medication for any emotional, psychiatric or psychological condition or symptom (the type of condition upon which her disability discrimination claim is based), plaintiff objected regarding information prior to 2005." Finally, "Plaintiff made the same objection to interrogatory 9, regarding prescriptions for such conditions that were issued but not filled."

economic damages, on the theory that Plaintiff, by failing to respond properly to discovery requests, is preventing Defendant from obtaining information on Plaintiff's mental condition.

Plaintiff did not file a response to Defendant's motion to dismiss, prompting the Court to issue a show cause order requiring Plaintiff to explain why the relief requested by Defendant – dismissal of Plaintiff's claims – should not be granted. See Dkt. 35. Plaintiff filed a timely response to the Court's show cause order on April 15, 2013. See Dkt. 36. In the response, Plaintiff's counsel offered a variety of reasons for his failure to respond to Defendant's motion to dismiss: (i) Counsel entered the case late, following the withdrawal of Plaintiff's original attorney; (ii) Counsel was motivated to take the case "because of a long-standing friendship with Plaintiff and her family and because he was aware she otherwise would have difficulty finding new counsel"; (iii) Plaintiff is currently in Florida and going through some personal turmoil, hindering counsel's ability to communicate with her; (iv) counsel is a solo practitioner and lacks the resources to comply with Defendant's "voluminous" discovery requests; (v) counsel mistakenly applied Michigan rules and not this Court's Local Rules in determining how much time he had to respond to Defendant's motion to dismiss.

In addition, Plaintiff attached to her answer to the Court's show cause order a response to Defendant's motion to dismiss. See Dkt. 36-1. In her response, Plaintiff "admits that her answers to Defendants' . . . interrogatories and . . . production of documents were late and incomplete, but denies that her actions justify dismissing her case." Plaintiff cites many of the same reasons discussed in the preceding paragraph in support of her position that the case should not be dismissed.

On April 17, 2013, Defendant filed a response to Plaintiff's answer to the Court's show cause order. See Dkt. 37. Defendant argues that Plaintiff's failure to respond to discovery is inexcusable and prejudicial because Plaintiff admitted in her deposition that she has information responsive to the discovery requests. Defendant also highlights ways in which Plaintiff's discovery responses are

3

insufficient. Defendant explains that it was forced to begin Plaintiff's deposition on February 26, 2013 without the benefit of having Plaintiff's discovery responses. Defendant further states that it served additional discovery on Plaintiff, and that Plaintiff has also not responded to that new discovery by the deadline. Defendant states that Plaintiff has failed to file her expert witness list and disclosures by the deadline. Defendant argues that the hardship presently incurred by Plaintiff and logistical challenges between Plaintiff and her counsel do not give Plaintiff an excuse to repeatedly ignore court orders.

On April 23, 2013, Defendant filed a second motion to compel discovery. See Dkt. 38. This is the second of two motions that is presently before the Court. Here, Defendant seeks an order compelling Plaintiff to respond to recent discovery requests propounded by Defendant. Plaintiff has not filed a response to this motion, and the time to do so has expired.

At the hearing held on May 23, 2013, Plaintiff's counsel admitted several times that he had violated the Court's February 12, 2013 discovery order. He also admitted that not all of the requested discovery had been provided by the appropriate deadlines. In addition, defense counsel informed the Court that Plaintiff's counsel had supplied some of the overdue discovery on the day before and on the morning of the hearing. However, because the overdue discovery was supplied just hours before the hearing, defense counsel had not yet, as of the time of the hearing, had an opportunity to fully assess the extent to which discovery remains unanswered.

"The court considers four factors in deciding whether to impose the drastic sanction of dismissal (against a plaintiff) . . . [under Rule 37]: (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." See Phillips v. Cohen, 400 F.3d 388, 402 (6th Cir. 2005). Here, the Court denies Defendant's motion to dismiss because the third and fourth elements of the above framework are unsatisfied. Regarding the third element, the Court has

not previously warned Plaintiff that her claims would be subject to dismissal as a result of failure to comply with the Court's discovery orders. However, the Court does so now. Plaintiff is on notice that her claims may be dismissed, in whole or in part, should any further discovery violations occur in this matter.

Regarding the fourth element, the Court concludes that less drastic sanctions are sufficient to address the harm suffered by Defendant as a result of Plaintiff's dilatory conduct in responding to discovery:

- Defendant is entitled to reasonable attorney fees and costs associated with its preparation and filing of all papers seeking overdue discovery from Plaintiff. The parties shall confer in good faith in an attempt to reach a mutually agreeable dollar amount by June 7, 2013. If the parties cannot agree on an appropriate amount by that date, Defendant shall submit, by June 14, 2013, a bill of costs, accompanied by affidavits, detailing the costs to which it believes it is entitled pursuant to this order.

- Defendant shall inform the Court and Plaintiff by June 14, 2013 as to specifically what discovery that has been requested remains unanswered and overdue as of that date. Plaintiff shall provide all of the missing discovery, provided no objection is raised, by June 18, 2013. Thus, Defendant's second motion to compel discovery is granted. Any additional motions by Defendant seeking to compel discovery that remains unanswered and overdue as of June 18, 2013 shall be filed by June 28, 2013.

- The scheduling order is revised as follows: Fact and expert discovery are extended until July 3, 2013; the dispositive motion deadline is extended until July 16, 2013. All other dates remain unchanged.

SO ORDERED.

Dated: May 30, 2013  
Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager