UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI L. BARRON,

        Plaintiff,                             Civil Case No.
                                            11-CV-12620

vs.

                                            HON. MARK A. GOLDSMITH

UNIVERSITY OF MICHIGAN, et al.,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' THIRD MOTION TO DISMISS (DKT. 55) AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AS MOOT (DKT. 56)

### I.  INTRODUCTION

Now before the Court are two competing motions in this case: (i) Defendants' third motion to dismiss for Plaintiff's alleged failure to comply with court-ordered requirements (Dkt. 55) and (ii) Plaintiff's motion for relief from previously-imposed monetary sanctions (Dkt. 56). Defendants contend that dismissal is appropriate because Plaintiff has failed to pay the court-ordered sanctions and to provide requested discovery.  Plaintiff argues that the monetary sanctions should have been imposed against her former counsel rather than her, and that she has provided all of the responsive documents in her possession.  In light of the history of this case and Plaintiff's repeat failure to abide by Court orders, as discussed below, the Court grants Defendants' motion to dismiss and denies Plaintiff's motion for relief from judgment as moot.

### II.  BACKGROUND

The procedural history of this case is long, but a full recitation is necessary in light of the dismissal the Court will order.

1

Plaintiff Sheri L. Barron, a registered nurse, filed this action in June 2011, alleging that she was discriminated against by her previous employer — Defendants University of Michigan and University of Michigan Health Systems — on the basis of her perceived disability and her age, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Age Discrimination in Employment Act, 42 U.S.C. §§ 6101-6107.  See Compl. (Dkt. 1).[1]  Discovery began a few months later.  See Case Management and Scheduling Order (Dkt. 11).

In September 2012, Plaintiff's first counsel filed a motion to withdraw, claiming a breakdown in the attorney-client relationship.  Mot. to Withdraw (Dkt. 23).  The Court granted the motion, and Plaintiff retained a new attorney.  See 10/1/12 Order (Dkt. 28).

Defendants subsequently filed their first motion to compel discovery, pursuant to Federal Rule of Civil Procedure 37, on February 7, 2013.  See Defs. Mot. to Compel (Dkt. 29).  Defendants claimed that Plaintiff had failed — and continued to fail — to respond to outstanding discovery requests.  Id.  The parties ultimately resolved the issue by stipulating that Defendants would withdraw the motion in exchange for Plaintiff providing "full, complete and signed responses" to the outstanding discovery on or before February 15, 2013.  See 2/12/13 Stipulated Order (Dkt. 31).

Approximately one month later, Defendants filed their first "motion to dismiss for failure to comply with court order," pursuant to Federal Rule of Civil Procedure 37(b).  See Defs. First Mot. to Dismiss (Dkt. 33).  Defendants claimed that, despite the stipulated order, Plaintiff had

---

[1] Plaintiff's complaint names Defendants University of Michigan and University of Michigan Health Systems.  Compl. (Dkt. 1).  Defendant University of Michigan contends that University of Michigan Health Systems is not a separate legal entity and has been incorrectly named as a separate Defendant.  Defs. Second Mot. to Dismiss at 1 (Dkt. 44).  Given that Plaintiff names two entities in her complaint, however, the Court uses the plural "Defendants" throughout this opinion.

failed to respond to some discovery requests, and had provided late, incomplete, and unsigned responses to others. Id. at 2. Defendants requested dismissal of the action as a sanction.

Plaintiff initially did not respond to Defendants' motion. After the Court issued an order to show cause, however, Plaintiff responded by "admit[ting] to this Court that her answers to [the discovery] were late and incomplete," and admitting "that her counsel failed to file an answer to Defendants' motion to dismiss." Pl. Resp. to Order to Show Cause (Dkt. 36). Nevertheless, Plaintiff argued that dismissal was not the appropriate relief given her difficulty with certain personal issues, counsel's difficulties with the case, and her inability to access certain records requested by Defendants. Id. In response, Defendants argued that Plaintiff's failure to respond to the discovery was prejudicial because Plaintiff admitted in her deposition that she has information responsive to the discovery requests, and because Defendants were required to begin Plaintiff's deposition without the benefit of having her discovery responses. See Defs. Resp. (Dkt. 37). Defendants also noted that Plaintiff had failed to file her expert witness list and disclosures by the court-ordered deadline. Id.

Before the Court ruled on Defendants' motion to dismiss, Defendants filed a second motion to compel on April 23, 2013 (Dkt. 38). Defendants noted that they had served Plaintiff with additional discovery in February and March 2013, but, once again, Plaintiff had failed to respond. Id. at 2. Therefore, Defendants requested that the Court issue an order requiring Plaintiff to provide "full, complete and signed responses" to these new discovery requests as well. Id. Plaintiff did not file a response.

The Court held a hearing on both Defendants' motion to dismiss and their second motion to compel on May 23, 2013. At the hearing, Plaintiff's counsel admitted that he had violated the

Court's prior discovery order. He also admitted that not all of the requested discovery had been provided by the appropriate deadlines. See 5/30/13 Op. and Order at 4 (Dkt. 40).

The Court issued an order one week later denying the motion to dismiss, but granting the second motion to compel. Id. The Court denied the motion to dismiss because (i) the Court had not previously warned Plaintiff that her claims would be subject to dismissal as a result of her failure to comply with the Court's discovery orders, and (ii) less drastic sanctions were sufficient to address Defendants' harm. Id. at 4-5. The Court did find, however, that Defendants were "entitled to reasonable attorney fees and costs associated with [their] preparation and filing of all papers seeking overdue discovery from Plaintiff." Id. at 5. The Court also instructed Defendants to identify any unanswered and overdue discovery, and Plaintiff was ordered to provide responses — barring any objections — by June 18, 2013. Id. The Court warned Plaintiff that any further failings to comply with discovery obligations could result in dismissal. Id.

In light of the Court's Order, on June 19, 2013 the parties stipulated that "plaintiff is ordered to pay defendants . . . costs and attorney fees in the amount of $6,844.00." See 6/19/13 Stipulated Order (Dkt. 43). Defendants also identified the outstanding discovery, Defs. Mem. (Dkt. 41), and Plaintiff responded by stating that some documents had been provided, and explaining why other discovery — particularly with respect to experts — had not been provided, Pl. Mem. (Dkt. 42).

On June 26, 2013, Defendants filed a second motion to dismiss for failure to comply with court orders. Defs. Second Mot. to Dismiss (Dkt. 44). Defendants noted that Plaintiff still had not filed an expert witness list, expert disclosures, or an exhibit list. Id. at 2-4. Defendants also maintained that, although Plaintiff did provide some documents in response to its discovery requests, "it is clear that not all of the requested discovery has been provided." Id. at 2-3.

4

Two days after Defendants filed their second motion to dismiss, Plaintiff's counsel filed a motion to withdraw, claiming that he and Plaintiff had reached "a complete impasse concerning the Plaintiff's case and how to proceed going forward."   See Mot. to Withdraw (Dkt. 45). Nevertheless, Plaintiff's counsel filed a response to Defendants' second motion to dismiss, and attached a separate response drafted by Plaintiff to his filing.   See Pl. Resp to Mot. (Dkt. 48). Plaintiff's counsel claimed that he had supplied all of the requested discovery except that pertaining to experts, because Plaintiff had not yet retained any experts.   Id. at 2-3.   Defendants filed a reply, highlighting that Plaintiff missed the deadline to identify experts and serve disclosures, and that Plaintiff had failed to fully respond to some of Defendants' interrogatories. See Defs. Reply (Dkt. 49).   Defendants also noted that Plaintiff had not yet paid the stipulated sanction amount from June 19, 2013.   Id. at 7 n.3.

The Court subsequently granted Plaintiff's counsel's motion to withdraw, and adjourned the hearing on Defendants' motion until September 23, 2013 to give Plaintiff an opportunity to locate new counsel.   See 8/28/13 Order (Dkt. 50).   Plaintiff retained her current counsel shortly before the scheduled hearing, and the Court adjourned the hearing again until October 9, 2013 to give Plaintiff's new counsel a chance to familiarize herself with the case and the arguments.

At the hearing on Defendants' second motion to dismiss, Plaintiff's counsel agreed to provide the discovery again in a manner that clearly identified to which request each document was responsive, and she conceded that some sanctions were appropriate in light of the discovery issues to that point.   For example, Plaintiff's counsel consented to barring Plaintiff from calling experts at trial and from introducing any documents that had not been produced to Defendants as of the date of the motion hearing.   Moreover, Plaintiff's counsel conceded that monetary sanctions, in the form of attorney fees connected to the second motion to dismiss, were

5

appropriate.  Lastly, Plaintiff's counsel did not object to the Court setting a deadline for when these sanctions — in addition to the agreed-upon, still-unpaid sanctions from June 19, 2013 — had to be paid.

In light of these concessions, the Court issued a decision on October 11, 2013 denying Defendants' second motion to dismiss and imposing sanctions.  10/11/13 Op. and Order (Dkt. 53).  The Court barred Plaintiff from calling any experts at trial and from using any documents that had not been produced to Defendants by October 9, 2013.  Id. at 6-8.  However, the Court required Plaintiff to continue producing documents to Defendants that were responsive to their requests, and to provide signed and complete responses to outstanding interrogatories to which she had previously objected.  Id. at 7-8.  These responses were due by October 16, 2013, and Defendants were granted the opportunity to depose Plaintiff again and to conduct additional written discovery thereafter if needed.  Id.  Lastly, the Court ordered Plaintiff to pay Defendants "$2,950.00 by November 8, 2013," and, "to the extent Plaintiff has not fully satisfied her obligation to pay the Court's previous sanction of $6,844.00, Dkt. 43, Plaintiff shall make any payment necessary to comply with that Order by November 8, 2013."  Id. at 9.

With these sanctions in place, the Court declined to dismiss the case.  The Court noted that it had previously warned Plaintiff about the possibility of dismissal and that it had imposed less-drastic sanctions.  Id.  Nevertheless, the Court found that there was no evidence of willfulness or bad faith, and that the conduct was not so egregious as to warrant dismissal.  Id.  The Court concluded, as follows:

> Plaintiff is warned that the Court will not tolerate any more violations of her obligations under Court orders, the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules or law.  The Court will seriously entertain dismissal of this matter

6

> if there are any further delays by Plaintiff or failure to discharge her obligations under the law in the conduct of this litigation.

Id. at 9-10.

On November 25, 2013, Defendants filed the instant third motion to dismiss for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 37(b).  See Defs. Third Mot. to Dismiss (Dkt. 55).  Defendants' motion is based on two purported violations by Plaintiff: (i) missing the court-imposed November 8, 2013 deadline by which to pay the assessed sanctions; and (ii) failing to provide certain e-mails that Plaintiff testified in her deposition exist and are in her possession.  See id. at 2-3.

On the same day that Defendants filed their third motion to dismiss, Plaintiff filed a motion for relief from judgment.  See Pl. Mot. for Relief (Dkt. 56).  Plaintiff claims that any discovery violations were the result of her previous attorneys, and she requests that the Court grant her relief from the sanctions imposed against her, and instead impose these sanctions against her former attorneys.  Pl. Br. at 9.

The Court addresses each motion in turn.  Because the Court concludes that Plaintiff fails to provide good cause for her repeat non-compliance with Court orders, the Court grants Defendants' third motion to dismiss.  The Court, therefore, denies Plaintiff's motion for relief from judgment as moot.  Nevertheless, to the extent Plaintiff's motion serves as a response to Defendants' motion to dismiss, the Court also explains that it would deny the motion as untimely, even if not moot.

### III.    ANALYSIS

**A.    Defendants' Third Motion to Dismiss**

As described above, Defendants have filed a third motion to dismiss based on Plaintiff's failure to comply with Court orders.  In particular, Defendants assert that Plaintiff (i) failed to pay the court-imposed monetary sanctions by the court-ordered deadline; and (ii) has not provided documents that are responsive to Defendants' discovery requests.  See Defs. Br. at 5-11.  With respect to this latter argument, Defendants highlight Plaintiff's deposition testimony that Defendants had a plan to discriminate against her and that one of Defendants' employees "wrote plan in the e-mail and sent it to me."  Defs. Br. at 7.  However, Defendants claim that, despite requesting "the e-mail referencing a 'plan' that plaintiff refers to" in her deposition, no such document has been provided.  Id. at 8.  Defendants also assert that they have requested certain e-mails from or about Kathy Sedgeman-Jordan that Plaintiff testified about in her deposition, but Plaintiff has failed to provide any such e-mail.  Id. at 9-10.  Finally, Defendants argue that they have been prejudiced by Plaintiff's repeat failures to comply, including having to file three motions to dismiss, convene two incomplete depositions, and being left unprepared to fully defend the case or file dispositive motions as a result of the missing documents.  Id. at 12.

Plaintiff filed a response to Defendants' motion, arguing that she has responded to every one of Defendants' requests, that she answered the questions at her deposition to the best of her ability, and that any fault should lie with her prior counsel.  See Pl. Resp. at 4 (Dkt. 60).  Plaintiff also claims that, although she was ordered to pay sanctions by November 8, 2013, her previous counsel should be the ones responsible for these payments.  Id.  Lastly, Plaintiff maintains that she was confused by the deposition questions, and thus is not sure if the documents identified by Defendants as missing even exist.  Id. at 6-7.

On reply, Defendants argue that Plaintiff continually stated during depositions that these documents existed, and that Plaintiff did not claim that her earlier deposition testimony was in

8

error, that previously-produced documents were the subject documents, or that the documents were not in her possession.  See Defs. Reply at 3-4 (Dkt. 61).  Defendants further highlight that Plaintiff has "never supplemented her discovery responses to clarify the supposed confusion, or indicated that these documents she swore under oath do exist and are in her possession in fact do not exist or are not in her possession."  Id. at 5.  Finally, with respect to the unpaid sanctions, Defendants assert that Plaintiff "simply ignored the orders to pay" them.  Id. at 6.

The Court has set forth the applicable standard for dismissal under Federal Rule of Civil Procedure 37(b) in its previous orders on Defendants' first and second motions to dismiss:

> The Court "considers four factors in deciding whether to impose the drastic sanction of dismissal (against a plaintiff) . . . [under Rule 37(b)(2)]: (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered."

See 10/11/13 Op. and Order (quoting Phillips v. Cohen, 400 F.3d 388, 402 (6th Cir. 2005)) (brackets and ellipsis in original).

Here, factors three and four are easily met.  With respect to factor three — the party's notice of the potential sanction — both of the Court's previous orders warned Plaintiff that a continued failure to comply could result in dismissal.  In its Order on Defendants' first motion to dismiss, the Court noted that it had

> not previously warned Plaintiff that her claims would be subject to dismissal as a result of failure to comply with the Court's discovery orders.  However, the Court does so now.  Plaintiff is on notice that her claims may be dismissed, in whole or in part, should any further discovery violations occur in this matter.

5/30/13 Op. and Order at 5 (Dkt. 40).  Similarly, in its Order on Defendants' second motion to dismiss, the Court warned Plaintiff that it would

9

> not tolerate any more violations of her obligations under Court orders, the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules or law. The Court will seriously entertain dismissal of this matter if there are any further delays by Plaintiff or failure to discharge her obligations under the law in the conduct of this litigation.

10/11/13 Op. and Order at 10 (Dkt. 53).

As for the fourth factor, the Court clearly has imposed lesser sanctions in the past, including payment of Defendants' attorney fees (twice), prohibiting Plaintiff from calling any experts at trial, and barring Plaintiff from utilizing any documents that had not been produced to Defendants as of October 9, 2013. See 5/30/13 Op. and Order; 10/11/13 Op. and Order. Indeed, Plaintiff states in her response that she "admits and appreciates that this Court has ordered less drastic sanctions." Pl. Resp. at 6. Accordingly, the Court finds these factors satisfied.

The crux of the parties' dispute, then, concerns factors one and two. The Court addresses each factor in turn.

### i.   Willfulness or Bad Faith

### a.   Failure to Pay Monetary Sanctions

Defendants first argue that dismissal is warranted because Plaintiff has failed to pay the court-ordered monetary sanctions imposed against her. Defs. Third Mot. to Dismiss at 2. Plaintiff does not dispute that she failed to pay these sanctions, but argues that — as described in her motion for relief from judgment — the sanctions should have been assessed against her former counsel instead. Pl. Resp. at 4.

The Sixth Circuit has explained that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply [with a court order] was due to inability, not willfulness or bad faith." United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002);

Linebarger v. Dupuis, No. 12-13157, 2013 WL 6038856, at *2 (E.D. Mich. Nov. 14, 2013)

(burden is on the disobedient party to show inability, rather than willfulness).  Here, as described

earlier, the Court set a November 8, 2013 deadline for Plaintiff to pay both sets of monetary

sanctions imposed against her.  See 10/11/13 Op. and Order.  Plaintiff does not dispute that she

failed — and continues to fail — to make these payments.  See Pl. Resp. at 4.  Nor does Plaintiff

explain her failure to pay these sanctions, other than to now complain that the sanctions were

wrongfully assessed against her personally.  Id.  But Plaintiff did not previously object to the

personal imposition of the sanctions, seek an extension of time, or request any other relief from

the Court prior to the court-ordered deadline to make payment.  Indeed, Plaintiff took no action

on the imposed sanctions until Defendants filed their third motion to dismiss, based, in part, on

her failure to pay.

Simply put, Plaintiff let the court-ordered deadline lapse without making any payment or

seeking relief, despite the Court's clear warning that it would "not tolerate any more violations of

her obligations under Court orders."  See 10/11/13 Op. and Order at 10.  This conduct alone

evidences bad faith and a continued disregard of Court orders, despite having retained new

counsel.  See Roney v. Starwood Hotels & Resorts Worldwide, Inc., 236 F.R.D. 346, 347-349

(E.D. Mich. 2006) (dismissal warranted where misconduct continued, including failure to pay

previously-ordered monetary sanction); Ferrell v. Sparkman, No. 06-7, 2007 WL 1574279, at *3

(E.D. Tenn. May 29, 2007) (same); Linebarger, 2013 WL 6038856, at *2 (same).[2]

_____

[2] Tellingly, in arguing against Defendants' motion to dismiss, Plaintiff glosses over her failure to
pay, noting only that "Plaintiff through her counsel filed a Motion for Relief from Judgment
(Currently pending before the Court) to explain to the Court how and why she should not be held
responsible for the errors of her previous counsel."  Pl. Resp. at 4.  Plaintiff, therefore, offers no
explanation for her failure to pay the court-ordered sanctions, other than a belated argument —
raised after the payment due date — that she should not be held responsible.

### b.    Document Production Issues

Defendants also claim that Plaintiff has continued to refuse to produce certain documents, which Defendants maintain Plaintiff testified existed in her depositions.  Defs. Br. at 7-11. Defendants highlight two documents in particular: (1) an e-mail purportedly containing the word "plan" in reference to an alleged scheme to discriminate against Plaintiff; and (2) e-mails sent from or about Kathy Sedgeman-Jordan, Plaintiff's former supervisor.  Id.  The Court considers each issue in turn and concludes that Plaintiff's conduct further evidences bad faith and willful disregard of her discovery obligations and this Court's orders.

### 1.  The "Plan" Email

Defendants argue that Plaintiff still has not produced an e-mail that relates to a material issue in the case.  In particular, during her February 2013 deposition, Plaintiff testified that she thought there was a group of people at the University, including from Human Resources, who had a specific plan to treat her unfairly with respect to hiring, employment, and benefit decisions. 2/26/13 Dep. at 197-198, 201 (Dkt. 63-1).  In support of her claim that such a plan existed, Plaintiff stated that she was on a group e-mail where someone "actually . . . wrote 'plan' in the e-mail and sent it to [her.]"  Id. at 197.  Defendants served a document request asking for this e-mail:

> Produce a copy of every e-mail or other correspondence or communication sent by plaintiff (or on her behalf) to Cathy Kendrick or John Swirple, or received from Cathy Kendrick or John Swirple, including but not limited to . . . the e-mail referencing a "plan" that plaintiff refers to at page 197 of her February 26, 2013 [deposition].

Defs. Third Requests for Production of Documents, Ex. D to Defs. Mot. (Dkt. 55-5), Request No. 32.

Pursuant to the Court's discovery orders, Plaintiff was ordered to turn over all requested documents, which would include documents responsive to Request No. 32. See 5/30/13 Order at 5; 10/11/13 Order at 10. When Plaintiff failed to produce a document explicitly mentioning the word "plan," however, Defendants asked Plaintiff about the document's existence at her October 30, 2013 deposition. After vacillating on the issue, Plaintiff finally admitted that it was not clear whether such an e-mail existed and, if so, whether she had turned it over to Defendants:

> Q: Well, is there in fact or was there ever in fact a specific group e-mail in which Cathy said is this the plan?
>
> A: I think that needs to be investigated.
>
> Q: Well, last time you testified that there was such an e-mail.
>
> A: Well, I also gave you these. And I guess I thought that sufficed to answer the question.
>
> Q: . . . And what I'm asking you is, was there at some point in existence such an e-mail, as you testified to last time?
>
> A: It seems like there was.
>
> Q: Okay. Does that e-mail still exist somewhere in your possession or control?
>
> A: It might be on the Vimeo. I cannot – honestly, I have never cut and paste, I have never done anything in regards to – my flash drives my daughter and somebody at the library helped me put on. I really don't even know what's on them, so I would really like my lawyer to look at them and give them to you.

10/30/13 Dep. Tr. at 221-228 (Dkt. 60-2) (emphasis added). Plaintiff argues that she was "confused and not altogether sure whether there was a separate group e-mail or if she had previously testified about the document she was shown on the continued deposition." Pl. Resp. at 6. However, Plaintiff's testimony clearly indicates that she had not conducted a diligent search for the requested document; Plaintiff was unable to affirmatively state whether or not the

13

e-mail she described during her February 2013 deposition actually existed, and, if so, whether it had been produced.  Instead, Plaintiff offered vague answers, such as that it "seems like there was" an e-mail containing the word "plan," that this still "needs to be investigated," and that the e-mails she did produce should have "sufficed" in response to Defendants' request.  However, per the Court's discovery orders, Plaintiff's investigation should have been completed, an affirmative answer on the document's existence should have been forthcoming, and the document turned over all prior to the October 2013 continued deposition.  See 10/11/13 Order at 10 ("Plaintiff shall provide Defendant with any documents that are responsive to Defendants' Requests for Production . . . by October 16, 2013.").

Accordingly, the Court finds that Plaintiff's conduct in regard to Request No. 32 evidences bad faith and willful disregard of her discovery obligations and this Court's orders.

### 2.  The Kathy Sedgeman-Jordan Email

Defendants point to Plaintiff's failure to produce emails regarding Kathy Sedgeman-Jordan as further support for dismissal of Plaintiff's action.  In particular, Plaintiff testified in her February 2013 deposition that Kathy Sedgeman-Jordan — who worked in Human Resources and was Plaintiff's former supervisor — did not want to re-hire Plaintiff after Plaintiff could work again, because of Plaintiff's mental condition.  In support of this claim of alleged discrimination, Plaintiff testified that she had a "couple" of e-mails that said that, with respect to getting her job back, "Kathy Sedgeman-Jordan is talking to the lawyers right now."  2/26/13 Dep. at 142-143; see also id. at 144 (discussing how the e-mails regarding Kathy Sedgeman-Jordan talking to lawyers suggests intentional discrimination against Plaintiff), 151 (same).

As a result of this testimony, Request No. 33 of Defendants' third set of document requests asked Plaintiff for "a copy of every e-mail or other correspondence or communication

14

sent by plaintiff (or on her behalf) to Kathy Sedgeman-Jordan, or received from Kathy Sedgeman-Jordan, including but not limited to the e-mail to which plaintiff refers on page 143 of her February 26, 2013 deposition." Defs. Third Requests for Production of Documents, Ex. D to Defs. Mot. (Dkt. 55-5). During the October 30, 2013 deposition, Defendants' counsel asked Plaintiff about these e-mails again:

> Q: Document request 33 asked for any communication, including e-mails, that you sent to Kathy Sedgeman-Jordan or you received from her, including a specific e-mail that you refer to at page 143 of your deposition in which you said that there was some reference to a plan.
>
> A: I never e-mailed Kathy Sedgeman-Jordan, and I never received any e-mails from her.
>
> Q: At page 143 of your deposition from February it says, In e-mails I have it says in regards to getting my job back it says Kathy Sedgeman-Jordan is talking to the lawyers right now. I have a couple e-mails that says that.
> The e-mails that you were talking about then, were those e-mails either from you to [K]athy, or from [K]athy to you?
>
> A: No.
>
> Q: Who were they to or from?
>
> A: Somebody in HR. I don't know if it's Work Connections, but somebody from U of M HR or the union said that [K]athy was looking into talking to the lawyers about having me come back to work, to that effect.
>
>            *       *       *
>
> Q: . . . The one that you say talked about Kathy Sedgeman-Jordan talking to lawyers, is that one e-mail, more than one e-mail?
>
> A: There are at least two e-mails.
>
> Q: Okay. Were you cc'ed on any of those e-mails?
>
> A: I think that's how I got them.

*       *       *

> Q:  And am I correct that those two e-mails are e-mails that you think support the claims that you're making against the university?
>
> A:  I think they do.
>
> Q:  And they still exist somewhere in your possession?
>
> A:  They exist somewhere, either on – in Vimeo, on my flash drive, somewhere.  Or you would have them.  Because you have all U of M's communications, right?

10/30/13 Dep. Tr. at 219-221.

Plaintiff argues that the e-mails she testified about at her deposition did not need to be produced because Request No. 33 asked specifically for e-mails to or from Ms. Sedgeman-Jordan, and Plaintiff testified that the subject e-mails — although about Ms. Sedgeman-Jordan — came from someone in the University's Human Resources department or the union, but not Ms. Sedgeman-Jordan herself.  Pl. Resp. at 7-8 (encouraging the Court to review "the exact discovery request that Defendants asked," and noting that Defendants do not "like the Plaintiff's answer to the very question that they asked").

This may be so, but there were other requests promulgated by Defendants to which the email was responsive.  For example, Defendants' Document Request No. 7 in their first set of document requests asked for "a copy of any  . . . writings, or electronic records of any kind, which were created or maintained by plaintiff and which she believes relates to, support or forms the basis of any of the allegations contained in the Complaint."   Defs. First Requests for Production of Documents, Ex. B to Defs. Mot. to Compel (Dkt. 29-3).  Plaintiff clearly testified that she thought the subject e-mails supported her claims.  10/30/13 Dep. Tr. at 221. Similarly, Defendants' Document Request No. 12 in their first set of document requests asked for "a copy

16

of every . . . document, writing or record which refers or relates in any way to plaintiff's employment with any defendant." Defs. First Requests for Production of Documents, Ex. B to Defs. Mot. to Compel. Further, to the extent the subject e-mails came from Human Resources, as Plaintiff stated in her deposition, Plaintiff ignores Defendants' Document Request No. 29, which asked for "a copy of every e-mail or other correspondence or communication sent by plaintiff (or on her behalf) to . . . anyone in Human Resources, or received from . . . anyone in Human Resources." Defs. Third Requests for Production of Documents, Ex. D to Defs. Mot. (Dkt. 55-5). As such, Plaintiff had an obligation to produce the subject e-mails that she testified were in her possession.

Plaintiff's conduct evidences bad faith and willful disregard of her discovery obligations and this Court's orders. Accordingly, the Court finds that the first factor supports dismissal.

### ii.        Prejudice to Defendants

As for the second factor, the Court finds that Defendants have been prejudiced by Plaintiff's delay and inaction. This employment case had been pending for nearly two-and-a-half years at the time of Defendants' third motion, and yet the parties are still fighting over discovery. Defendants have expended time, money, and resources in having to file three motions to dismiss and two motions to compel based on Plaintiff's failure to comply with court orders, yet this conduct continues. They also have conducted two (still incomplete) depositions. Further, Defendants have been unable to recoup the costs and fees incurred as a result of Plaintiff's conduct, despite two orders requiring Plaintiff to pay. Plaintiff's repeat failure to comply has caused unnecessary delay in the progress of this case, and has wasted the time and resources of both this Court and opposing counsel. See Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th

Cir. 1997) (prejudice exists where movant is "required to waste time, money, and effort in pursuit of cooperation which [the non-movant] was legally obligated to provide").

Plaintiff argues that both parties have been "equally prejudiced" because, under a previous court order sanctioning her conduct, she is prohibited from introducing expert witnesses and certain documents at trial. Pl. Resp. at 5. Plaintiff's reliance on court-imposed sanctions to show her own prejudice as equaled to Defendants', however, is misplaced. Unlike the prejudice Defendants have experienced, Plaintiff's prejudice is the result of her own conduct. Therefore, the Court finds that Plaintiff's argument has no merit.[3]

Accordingly, the Court concludes that Plaintiff's continued failure to comply with court orders has prejudiced Defendants. Given that all four factors now favor Defendants, the Court finds that dismissal with prejudice pursuant to Rule 37(b) is the appropriate remedy for Plaintiff's continued non-compliance with court orders.

## B.    Plaintiff's Motion for Relief from Judgment

Shortly after Defendants filed their third motion to dismiss, Plaintiff filed a "motion for relief from judgment." Pl. Mot. for Relief (Dkt. 56). Plaintiff claims that any discovery violations are the result of her previous attorneys, and that

> the way and manner that the discovery requests were served upon the Defendant's [sic] counsel was beyond the scope and control of the Plaintiff. She thought she had hired an attorney who had the knowledge and ability to practice before the U.S. District court and who had knowledge of the Federal Rules that governed the same.

---

[3] Plaintiff also argues that Defendants are not prejudiced by her failure to produce the requested documents because, under the Court's prior discovery orders, she "cannot later produce contradictory evidence to these discovery requests." Pl. Resp. at 5. But, to the extent these documents exist, they may contain information that helps Defendants by undermining Plaintiff's claims, even if she cannot later produce "contradictory evidence." If so, this further serves as prejudice that Defendants have suffered due to Plaintiff's conduct.

Pl. Br. at 3.  Plaintiff argues that she provided all of the documents to her counsel, that she was unaware that her attorneys were not providing the documents to Defendants, and that she has never acted in bad faith or tried to hide anything.  Id. at 6-8.  Therefore, pursuant to Federal Rule of Civil Procedure 60(b)(1), Plaintiff requests that the Court lift the sanctions order imposed against her, and instead impose these sanctions against her former attorneys.  Id. at 8.

Given that the Court concludes that dismissal is appropriate in light of Plaintiff's failure to comply with court orders, as described above, Plaintiff's delinquent request for relief from those orders is denied as moot.  Nevertheless, as it appears that Plaintiff filed this motion to avoid Defendants' requested dismissal, the Court briefly explains why it would deny the motion in any event.

Federal Rule of Civil Procedure 60(b) provides, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Here, Plaintiff claims there was excusable neglect, such that Rule 60(b)(1) applies.  Pl. Br. at 3-4.  The basis for Plaintiff's request is that her former attorney had control over all of her documents, and thus he was the true party at fault for the delays in providing discovery to Defendants.  As such, Plaintiff argues her former counsel — not she — should be personally liable for paying the assessed monetary sanctions.

Defendants respond that Plaintiff's request is untimely.   Defs. Resp. (Dkt. 57).  Defendants highlight that, under Federal Rule of Civil Procedure 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Id. at 5 n.1.  While Defendants recognize that this rule sets forth a one-year limit, Defendants argue this does not mean anything short of one year is necessarily reasonable; and, Defendants claim that this is one such case of unreasonableness.   Id. at 5-10.   Defendants highlight that Plaintiff's counsel stipulated to the monetary sanctions in June 2013, did not object to the assessment of further sanctions against Plaintiff at the October hearing, did not seek reconsideration of their imposition following the Court's October 11, 2013 order, nor raise any concerns with the sanctions before the November 8, 2013 due date.  Id. at 5-6, 8, 10.  To the contrary, Plaintiff simply let the deadline to pay the sanctions lapse, and then filed her motion for relief more than two weeks later, on the same day Defendants filed their third motion to dismiss — a motion based, in part, on Plaintiff's failure to pay.  Id.

As Defendants recognize, Rule 60(c) requires that motions made pursuant to Rule 60(b)(1) be made within a reasonable time, but no later than one year after the entry of the subject order.  Fed. R. Civ. P. 60(c)(1).  However, the one-year limitation sets an outer bound: "If 'a reasonable time' happens to be less than a year in a given case, then a party must file the

20

motion by that earlier date." Massi v. Walgreen Co., 337 F. App'x 542, 545 (6th Cir. 2009); see also 11 Charles Alan Wright, Arthur Miller, et al., Federal Practice and Procedure § 2866 (3d ed. 1998) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired."). In determining whether the timing was reasonable, courts consider the facts of the case, including "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." See Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).

The Court agrees with Defendants that Plaintiff's motion, although made within one year of entry of the orders imposing sanctions, was not made within a "reasonable time" given the circumstances of this case. The first stipulated award of sanctions between Plaintiff — through her former counsel — and Defendants was entered on June 19, 2013. Stip. and Order (Dkt. 43). Plaintiff's counsel filed a motion to withdraw less than two weeks later. Mot. to Withdraw (Dkt. 45). When Plaintiff's current counsel entered her appearance on September 13, 2013, however, she did not request that the Court modify the sanctions award to be assessed against Plaintiff's former counsel instead of against Plaintiff. Nor did she request any other relief from the June 2013 stipulated sanctions order.

The Court then held a hearing on Defendants' second motion to dismiss on October 9, 2013. Plaintiff's current counsel was present. During the hearing, the Court imposed further monetary sanctions against Plaintiff for her failure to respond to certain discovery; Plaintiff's counsel did not object or request that the sanctions be imposed against Plaintiff's former attorney instead. The Court also ordered that the monetary sanctions — including any amounts still owed from the June 2013 order — be paid by a set deadline; Plaintiff's counsel did not object to this

either.   Nor did Plaintiff seek reconsideration of the Court's October 2013 opinion, which memorialized both the imposition of these monetary sanctions against Plaintiff and the November 8 deadline.   See 10/11/13 Op. and Order (Dkt. 53).

Nevertheless, Plaintiff did not pay the court-ordered monetary sanctions by the court-ordered deadline of November 8, 2013.  Nor did Plaintiff raise any objections to these sanctions until November 25, 2013 — after Defendants filed their third motion to dismiss.   While Plaintiff's motion for relief is based on alleged excusable neglect — claiming that it was her former counsel's conduct that led to the imposition of sanctions — Plaintiff ignores the neglect in her failure to raise this argument earlier: when her current counsel first entered an appearance in September 2013, at the October 9, 2013 hearing, after the Court entered its October 11, 2013 Order, before the November 8, 2013 deadline, or before Defendants sought dismissal of the case based on her failure to pay.

Plaintiff provides no explanation for her delay in seeking this relief, nor does she respond to Defendants' argument that her motion is untimely.  Instead, Plaintiff simply sat on the Court's orders imposing sanctions — and, indeed, blatantly ignored the order to pay the amounts owed by a certain date — until Defendants sought relief based on Plaintiff's failure to pay.  And, perhaps most tellingly, this was not the first time Plaintiff inexplicably delayed in complying with court-ordered requirements, thereby resulting in Defendants having to file a motion seeking relief; rather, Defendants are now on their third motion to dismiss for this delay.  Accordingly, the Court concludes that Plaintiff's motion was not brought within a "reasonable time" under Rule 60(c)(1).   See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (collecting cases holding that three to four month delay in seeking relief under Rule 60(b) can be unreasonable); see also Hidais v. Porter, 2010 WL 760561, at *1 (N.D. Cal. March 4,

22

2010) ("[A] court may deny a Rule 60(b)(1) motion, even if it was filed within the one-year period, if the moving party 'was guilty of laches or unreasonable delay.'").

Moreover, even if the Court was to consider the merits of Plaintiff's motion, it would conclude that Plaintiff is not entitled to the relief she seeks. Plaintiff claims that her former attorney should be held responsible for the monetary sanctions, because he had control of the documents and was the one responsible for responding to the discovery requests and complying with court orders. Pl. Br. at 6-8. Therefore, Plaintiff relies on her former attorney's neglect in seeking relief.

Courts analyze three factors when determining whether relief is warranted under Rule 60(b)(1): (i) whether the party seeking relief is culpable; (ii) whether the party opposing relief will be prejudiced; and (iii) whether the party seeking relief has a meritorious claim or defense." Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003). The first inquiry is a threshold determination: "It is only when the [party seeking relief] can carry this burden" that a court will consider the "other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the [non-moving party]." Id.

As Plaintiff recognizes, the first factor — culpability — turns on "whether the neglect was excusable." Yeschick v. Mineta, 675 F.3d 622, 628-629 (6th Cir. 2012). In other words, "[c]ulpability is 'framed' by the specific language of [Rule 60(b)(1)]; i.e., a party demonstrates a lack of culpability by demonstrating . . . excusable neglect." Williams, 346 F.3d at 613. The Supreme Court has identified five factors in determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Yeschick, 675 F.3d at

23

629 (citing Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

It also is well-established, however, that "clients must be held accountable for the acts and omissions of their attorneys." McCurry v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 594 (6th Cir. 2002). Indeed, the Supreme Court has explained that a client, having chosen a particular attorney to represent her in a proceeding, cannot "avoid the consequences of the acts or omissions of this freely selected agent," and that "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Pioneer Inv. Servs., 507 U.S. at 397. Given these standards, the proper focus in deciding a motion under Rule 60(b)(1) must be on whether "the neglect of the parties and their counsel was excusable." McCurry, 298 F.3d at 595 (emphasis in original); see also id. ("[T]he case law consistently teaches that out-and-out lawyer blunders — the type of action or inaction that leads to successful malpractice suits by the injured client — do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)].").

Here, Plaintiff admits that her counsel's conduct was inexcusable and sanctions were warranted; she simply asks that the sanctions arising out of that conduct be assessed against her former counsel instead of against her. But Plaintiff does not deny that she was aware of the numerous motions and the Court's discovery orders, including the sanctions awards. And while Plaintiff certainly was free to ask her former counsel to cover these sanctions, or request at the October 2013 hearing or as part of the June 2013 stipulation that they be imposed against him instead, Plaintiff took no such action. Therefore, she must be held responsible for the failure to pay these court-imposed costs. See Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763-764 (1980) ("Both parties and counsel may be held personally liable for expenses, including attorney's fees,

24

caused by the failure to comply with discovery orders."); <u>Smith v. Nationwide Mut. Fire Ins.</u> <u>Co.</u>, 410 F. App'x 891, 896 n.2 (6th Cir. 2010) (rejecting argument that plaintiff failed to pay monetary sanctions due to fault of attorney, because plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Rule 60(b)(1) does not provide grounds for the relief Plaintiff seeks.

The Court, therefore, denies Plaintiff's motion for relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' third motion to dismiss (Dkt. 55), denies Plaintiff's motion for relief as moot (Dkt. 56), and dismisses this action with prejudice.

SO ORDERED.

Dated:  June 30, 2014                             s/Mark A. Goldsmith
     Flint, Michigan                             MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2014.

                                     s/Deborah J. Goltz
                                     DEBORAH J. GOLTZ
                                     Case Manager